**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4474**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DAVANTE MARCELLAS JOHNSON, a/k/a Davante Marcellos Johnson,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:21-cr-00362-TDS-1)

———————

Submitted:  September 1, 2023                          Decided:  October 16, 2023

———————

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior, Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF**:  Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davante Marcellas Johnson pleaded guilty to threatening to assault a federal officer, in violation of 18 U.S.C. § 115(a)(1)(B), (b)(4).  The district court sentenced Johnson to 51 months' imprisonment.  On appeal, Johnson contends that the district court erred in calculating his advisory Sentencing Guidelines range by applying a two-level enhancement under U. S. Sentencing Guidelines Manual § 2A6.1(b)(2)(A) (2021), based on the court's finding that Johnson made more than two threats.  Johnson also argues that the district court erred by applying a six-level enhancement under USSG § 3A1.2(b), based on the court's finding that Johnson's threats were motivated by the victim's status as a government employee.  We affirm.

Rather than review the merits of Johnson's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).  "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Shivers*, 56 F.4th 320, 327 (4th Cir. 2022).  An error will be deemed harmless only when we are certain that these criteria are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

2

Here, the district court stated during the sentencing hearing that it would have imposed the same 51-month sentence even if it had not applied the challenged Guidelines enhancements. Thus, the first requirement of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383.

Next, we must assess whether Johnson's sentence would be substantively reasonable even if the district court had sustained his objections to the enhancements under USSG §§ 2A6.1(b)(2)(A), 3A1.2(b). Had the district court done so, Johnson's Guidelines range would have been 21 to 27 months' imprisonment rather than 51 to 63 months' imprisonment.

In reviewing an upward-variant sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014). We afford "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). Our ultimate inquiry is whether, considering the totality of the circumstances, the district court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

We are satisfied that the 51-month sentence imposed by the district court is substantively reasonable even under an assumed Guidelines range of 21 to 27 months. Indeed, the district court adequately explained why a 51-month sentence was necessary, citing the § 3553(a) factors. In particular, the district court emphasized that Johnson had a significant criminal history, including multiple assault charges, one of which resulted in serious injury to the victim. Based on his criminal history and significant history of committing disciplinary infractions while incarcerated, as well as his recent arrest for assault resulting in injury to the victim, and his gang affiliation, the district court was appropriately concerned about Johnson's propensity to engage in violent behavior. Because Johnson's sentence is supported by the district court's consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable. We are therefore satisfied that any Guidelines calculation error in these proceedings was harmless. *See McDonald*, 850 F.3d at 645.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4